**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami-Dade Division**

| | |
|---|---|
| KATHLEEN SPANER, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | |
| THE COCA-COLA CO., | |
| Defendant. | |

**CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL,**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff Kathleen Spaner ("Plaintiff" or "Ms. Spaner"), individually and on behalf of all others similarly situated, alleges the following on information and belief against The Coca-Cola Company ("Coca-Cola" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an automatic telephone dialing system ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; (2) stop Defendant's practice of placing calls using an artificial or prerecorded voice to the cellular and landline telephones of consumers nationwide without their prior express written consent; (3) enjoin Defendant from continuing to place calls using an ATDS to consumers who did not provide their prior express written consent to receive them; and (4) obtain redress for all persons injured by its conduct.

**JURISDICTION AND VENUE**

1.    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as

here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed Classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

2.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

3.      This Court has personal jurisdiction over Defendant because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

1.      Plaintiff Kathleen Spaner is, and at all times mentioned herein was, a resident of Miami, Florida, and a citizen of the State of Florida.

2.      Defendant The Coca-Cola Company is a corporation organized under the laws of Delaware, with a principal place of business at One Coca-Cola Plaza, Atlanta, Georgia 30313. Coca-Cola conducts business in this District and throughout the United States.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A.      The TCPA Of 1991

3.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

4.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b)

to dial such numbers."  47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.  The same section forbids making calls using an "artificial or prerecorded voice."  *Id.*

5.    The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.    Defendant's Calls To Plaintiff And Class Members**

6.    Coca-Cola called Plaintiff on her cellular telephone from the number (844) 863-2653 on numerous occasions, including but not limited to the following 16 calls:

| Date | Calling Number |
|---|---|
| 12/21/2018 | (844) 863-2653 |
| 1/4/2019 | (844) 863-2653 |
| 2/15/2019 | (844) 863-2653 |
| 3/1/2019 | (844) 863-2653 |
| 3/15/2019 | (844) 863-2653 |
| 3/29/2019 | (844) 863-2653 |
| 4/10/2019 | (844) 863-2653 |
| 4/11/2019 | (844) 863-2653 |
| 4/12/2019 | (844) 863-2653 |
| 4/24/2019 | (844) 863-2653 |
| 4/25/2019 | (844) 863-2653 |
| 4/25/2019 | (844) 863-2653 |
| 5/8/2019 | (844) 863-2653 |
| 5/9/2019 | (844) 863-2653 |

| 5/10/2019 | (844) 863-2653 |
| 5/22/2019 | (844) 863-2653 |
| 5/27/2019 | (844) 863-2653 |

7.      Defendant placed each of these calls using an automatic telephone dialing system and an artificial or prerecorded voice without Ms. Spaner's prior express written consent.

8.      When Plaintiff answered Defendant's calls, she heard a momentary pause.  This pause is a hallmark of a predictive dialer.  According to the Federal Communications Commission and experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

9.      Thereafter, a recording played with a message beginning:  "Hello, this call is Coca-Cola calling to remind you that we will be contacting you soon for your upcoming delivery . . . ."  Coca-Cola left Ms. Spaner multiple voicemails with the same message.

10.     Prior to the calls at issue in this action, Ms. Spaner had not had any contact with Defendant nor placed any order for delivery from Coca-Cola.  She has never consented in writing, or otherwise, to receive autodialed or prerecorded telephone calls from Defendant.

11.     Defendant knowingly made (and continues to make) autodialed and prerecorded calls to the telephones of Plaintiff and other consumers without the prior express written consent of the call recipients.  In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action on behalf of herself and all other persons similarly situated.

13.     Plaintiff proposes the following ATDS Class definition:

> All persons within the United States who (a) received a telephone call on his or her cellular telephone; (b) made by or on behalf of Defendant; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

14.     Plaintiff proposes the following Artificial Or Pre-Recorded Voice Class definition:

> All persons within the United States who (a) received a telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendant; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

15.     Plaintiff represents, and is a member of, these proposed Classes.  Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

16.     **Numerosity.**  Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business, that the Classes are so numerous that individual joinder would be impracticable.

17.     **Existence and predominance of common questions of law and fact.**  Plaintiff and all members of the proposed Classed have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

18.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

19.     The proposed Classes can be identified easily through records maintained by Defendant.

20.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class.  Those common question of law and fact include, but are not limited to, the following:

a.   Whether Defendant made telephone calls to Plaintiff and class members using an ATDS and/or an artificial or prerecorded voice without their prior express consent;

b.   Whether Defendant's conduct was knowing and/or willful;

c.   Whether Defendant is liable for damages, and the amount of such damages; and

d.   Whether Defendant should be enjoined from engaging in such conduct in the future.

21.     **Typicality.**  Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received calls on their telephones using an ATDS without their prior express written consent.  Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

22.     **Adequacy of Representation.**  Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed Classes.

6

23.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

24.     **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.

25.     Classwide relief is essential to compel Defendant to comply with the TCPA.

26.     The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

27.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

28.     Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

29.     Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

30.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

31.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

33.     Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

34.     Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47**
**U.S.C. § 227, *et seq.***

35.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

36.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

38.     Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

**39.**     Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendant:

a.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b.     As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c.     As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

d.     An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Classes;

e.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

f.     Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  May 30, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: ___*/s/ Scott A. Bursor*_____
        Scott A. Bursor

Scott A. Bursor
2665 S. Bayshore Dr. Ste. 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (212) 989-9163
Email: scott@bursor.com

*Attorneys for Plaintiff*